IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FIRST FIDELITY CAPITAL MARKETS, INC., | ) ) ) | |
| Plaintiff, | ) ) | No. 3:17-cv-1080 |
| vs. | ) ) | |
| RELIANT BANK, COMMERCE UNION BANCSHARES, INC., and RELIANT MORTGAGE VENTURES, LLC d/b/a RELIANT BANK MORTGAGE SERVICES, | ) ) ) ) ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE NEWBERN |
| Defendants/Third-Party Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| MARK CONSIDINE and KYLE ZOTTER, | ) ) | |
| Third-Party Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure 15 and 16, Plaintiff First Fidelity Capital Markets, Inc. ("First Fidelity") respectfully requests leave to file its First Amended Complaint.

### I.    INTRODUCTION

In the course of taking the first depositions in this case this month, First Fidelity learned new information that directly contradicts the story that Defendants—and, more specifically, Roger Williams, the President of Defendant Reliant Bank Mortgage Services—has been telling since this case was filed in 2017. This new information provides a basis to allege fraud against Defendants and continue to pursue punitive damages against them. First Fidelity's proposed amendment to the

1

Complaint will do just that: it will add a small number of additional factual allegations—facts which are no surprise to Defendants—and it will add one claim for fraud.

First Fidelity was not aware of these new facts until these recent depositions and, thus, this motion comes shortly after those depositions and a little over one month after the deadline for motions to amend in this case. The new facts came to light during the sworn testimony of Defendants' very own witness, Stephen Bennett, the Vice President of Reliant Bank Mortgage Services during the relevant time period. Defendants, thus, should have known that the story Defendants had presented to First Fidelity (and the Court) through the course of this litigation was, according to Defendants' own witness, false. Even if they were not aware that Mr. Williams's story was false, plenty of time exists in this case for Defendants to discover necessary facts. As such, Defendants will not be prejudiced by this amendment. Otherwise, the amendment is necessary for First Fidelity to achieve appropriate relief in this lawsuit and will otherwise not cause any party to expend resources that they were not otherwise expending. For these reasons as well as those detailed below, First Fidelity respectfully requests that the Court grant its motion for leave to amend and allow First Fidelity to file its First Amended Complaint.

## II. PROCEDURAL HISTORY

The Complaint in this matter was filed on July 24, 2017. (Doc. No. 1). Defendants filed their Answer on August 25, 2017. (Doc. No. 14). On January 31, 2018, Defendants moved the Court for leave to file a Third-Party Complaint. (Doc. No. 20). Due to the pending motion, the parties agreed to stay discovery until such time as the Court ruled on Defendants' motion. (Doc. No. 31). The Court granted Defendants' motion on July 20, 2018. (Doc. No. 34).

On July 25, 2018, undersigned counsel put in his appearance on behalf of Plaintiff. (Doc. No. 36). On October 12, 2018, Plaintiff moved for summary judgment. (Doc. No. 63). That motion

is currently pending before the Court. The operative case management order was entered on November 27, 2018, (Doc. No. 84), and provides a deadline of February 14, 2019 to file motions to amend the pleadings.

The parties have very recently begun depositions in this case. In particular, on March 5, 6, and 13, 2019, Plaintiff took the depositions of, respectively, Roger Williams; Ray Ferdowsi, an owner of VHC Fund 1, LLC, which is a member and owner of Reliant Bank Mortgage Services; and Stephen Bennett. A number of other depositions will take place in the next few months.

### III.   FACTS

Throughout this lawsuit and, in particular, (1) in early 2018 when Defendants served verified responses to discovery; (2) on November 9, 2018, when Mr. Williams filed a declaration with the Court, (Doc. No. 75.1); and (3) on March 5, 2019, during Roger Williams's deposition, Defendants had told Plaintiff one version of the events at issue. In Defendants' version of events— now debunked by Defendants' own witness, Mr. Bennett—Defendants asserted a "first breach" at a very convenient time in the course of the relationship between Defendants and First Fidelity; allegedly cut off all communication with First Fidelity due to this alleged "breach"; and then Defendants hired Mr. Zotter and Mr. Considine and paid First Fidelity nothing. The documents produced thus far in discovery—which, indeed, is only a partial production as First Fidelity has requested that Defendants supplement their initial document production and First Fidelity has served additional requests—had already cast doubt on Mr. Williams's story, but, in his deposition, Mr. Bennett effectively destroyed Mr. Williams's version of events, as Mr. Bennett testified that Mr. Williams's sworn testimony was simply not true.[1]

---

[1] First Fidelity does not yet have a copy of the transcript of the deposition of Mr. Bennett but will file it with the Court when it is available.

3

Instead, Mr. Bennett testified, under oath, that Mr. Williams (1) was well aware of the purposes of the non-circumvention provision; (2) knew that the deal with Zotter and Considine would not work financially for Defendants if Defendants had to pay First Fidelity; (3) attempted to manufacture a bogus "first breach;" (4) had a communication with First Fidelity—that Mr. Williams never mentioned in responding to discovery, in his declaration, or in his deposition—in which he attempted to negotiate First Fidelity's rate down and was unsuccessful in doing so; and (5) told Mr. Bennett that he was going to hire Zotter and Considine directly and cut First Fidelity out of the deal. Then, Mr. Williams did just that. As Mr. Bennett also testified, Mr. Williams is "dishonest."

These facts were just discovered by Plaintiff at depositions this month (March 2019) and had not otherwise been available—indeed, Defendants had not previously disclosed the existence of a number of these communications. Stephen Bennett was presented as a witness for Defendants and was represented by Defendants' counsel at his deposition—that is, he is Defendants' witness. It is unclear why Defendants served its discovery responses—which did not include any mention of a number of these conversations—without first communicating with Mr. Bennett to determine that Mr. Williams's version of events was, at best, incomplete and, at worst, false and misleading. These new facts provide First Fidelity with a basis to allege fraud and continue to pursue punitive damages against Defendants.

## IV. ARGUMENT

### A. Standard of Review.

Where, as here, the deadline to file amendments set out in the case management order has passed, the moving party must show good cause to amend the case management order under Federal Rule of Civil Procedure 16(b). *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

The moving party's diligence in seeking amendment, the possibility of prejudice to the nonmoving party, and good cause are the most important considerations in granting or denying a motion to amend the scheduling order. *Id*. at 906-07, 909; *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). "Plaintiffs can show good cause by demonstrating that despite their diligence, they could not have met the original deadline in the scheduling order." *Dixie Fuel Co. v. Straight Creek*, 2011 U.S. Dist. LEXIS 162535, *4 (E.D. Ky. July 6, 2011) (citing *Leary*, 349 F.3d at 906). After the moving party shows good cause, the Court must then consider whether the amendment is appropriate under Rule 15. *Leary*, 349 F.3d at 909. As this Court well knows, Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires."

Leave to amend may only be denied when it would result in undue delay, prejudice to the opposing party, or when there has been a repeated failure to cure deficiencies in the complaint. None of these concerns are at issue here. Further, in determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction. *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, the factual additions to the Complaint are limited and only one additional cause of action is being added. This cause of action, however, is essential to Plaintiff's case against Defendants and essential for holding Defendants—and, in particular, Mr. Williams—accountable for his wrongful acts. First Fidelity had already requested punitive damages, however, so no prejudice exists as to this specific prayer for relief. As such, Plaintiff can show good cause for its

5

amendment; no party will be prejudiced by the amendment; and no undue delay will be caused. Further, this is Plaintiff's first request to amend the complaint. Plaintiff's motion to amend should be granted.

**B.     Plaintiff did not have notice of the pertinent facts at issue until very recently and, thus, could not have met the deadline in the Scheduling Order.**

A Rule 16(b) motion to amend the scheduling order also requires consideration of the plaintiff's "diligence in attempting to meet the case management order's requirements." *Inge*, 281 F.3d at 625. "[T]he court should determine whether a plaintiff was already on notice of the pleading's deficiencies. The court must also consider whether there is undue delay, bad faith, or a dilatory motive on the part of the plaintiff." *Woodland Harvesting, Inc. v. Ga. Pac. Corp.*, 693 F. Supp. 2d 732, 739 (E.D. Mich. 2010).

Here, as noted, Plaintiff was not on notice of the robust factual basis for its claim for fraud until it deposed Stephen Bennett on March 13, 2019 and Mr. Bennett, who was Defendants' own witness, testified that Mr. Williams's version of events at issue in this case—which had been presented to both First Fidelity (multiple times) and the Court—was misleading and incomplete, at best, and false, at worst. This motion to amend has been filed only a little over one month after the deadline in the case management order has passed and only a short time after these depositions took place. As such, First Fidelity has been diligent in moving to amend its Complaint so that it would not delay the case.

**C.     No party will be prejudiced by Plaintiff's proposed First Amended Complaint, as the additional facts are limited and the amendment adds only one cause of action.**

Prejudice is an important factor in determining whether there is good cause for amending the scheduling order. *Leary*, 349 F.3d at 909. Likewise, "notice and substantial prejudice to the

6

opposing party are critical factors in determining whether an amendment should be granted" under Rule 15. *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001).

No prejudice will result here. Defendants should have been aware that their own witness, Stephen Bennett, directly contradicted the version of events that Defendants articulated in sworn testimony to Plaintiff and the Court. Further, presumably, Defendants were going to attempt to discover information related to the fact that Mr. Williams's version of events has been debunked— regardless of Plaintiff's amendment; thus, the fact that Plaintiff has added a claim and certain allegations related thereto should not cause any additional expenditure of resources or otherwise delay this lawsuit. In the end, plenty of time exists in discovery for all parties to further investigate the apparently false statements Defendants have made both to Plaintiff and the Court.

**D.   Plaintiff has met the other considerations under Rule 15(a) to amend the Complaint.**

Other considerations include whether the assertion of the new claim or defense would require the opponent to expend significant additional resources to conduct discovery and prepare for trial, significantly delay the resolution of the dispute, or prevent the plaintiff from bringing a timely action in another jurisdiction; repeated failure to cure deficiencies by previous amendments; and futility of amendment. *Phelps*, 30 F.3d at 662; *Wade*, 259 F.3d at 458-59. As stated above, Plaintiff and Defendants are fully engaged in discovery on these issues. Therefore, there will be no requirement to expend additional resources beyond what the parties are already expending. Nor will the proposed amendment result in any delay: there is still ample time to conduct discovery, file motions, and go to trial without having to alter the case schedule. As for repeated failures to cure deficiencies, this motion represents Plaintiff's first attempt to amend the Complaint.

Finally, the amendments are not futile. In fact, they are vitally necessary. The actions at issue, on the one hand, and Mr. Williams's apparent concerted effort to mislead both Plaintiff and

the Court, on the other, subject Defendants to punitive damages and potentially other sanctions. This amendment is necessary for Plaintiff to achieve appropriate relief in this case. As such, Plaintiff has a valid basis to amend.

## V. CONCLUSION

For the reasons detailed above, Plaintiff respectfully requests that the Court grant Plaintiff leave to file its First Amended Complaint.

Respectfully submitted,

s/ Stuart A. Burkhalter
Stuart A. Burkhalter (BPR No. 29078)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
Telephone: (615) 320-3700
Facsimile: (615) 320-3737
sburkhalter@rwjplc.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that service of the foregoing document was made upon the following via the Court's ECF filing system on this 26th day of March 2019:

Kenneth A. Weber
Megan M. Sutton
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Telephone: (615) 726-5760
Facsimile: (615) 744-5760
kweber@bakerdonelson.com
msutton@bakerdonelson.com
*Attorneys for Defendants*

Erik H. Langeland
ERIK H. LANGELAND, P.C.
733 Third Avenue, 15th Floor
New York, NY 10017
Phone: (212) 354-6270
Fax: (212) 898-9086
elangeland@langelandlaw.com

Charles P. Yezbak III
Yezbak Law Office PLLC
2002 Richard Jones Rd. Suite B-200
Nashville, TN 37215
Telephone: (615) 250-2000
yezbak@yezbaklaw.com
*Attorneys for Third-Party Defendant Kyle Zotter*

                                                                                       s/ Stuart A. Burkhalter

9

Case 3:17-cv-01080   Document 94   Filed 03/26/19   Page 9 of 9 PageID #: 599