IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FIRST FIDELITY CAPITAL MARKETS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 3:17-cv-01080 ) ) JUDGE CAMPBELL ) |
| RELIANT BANK, COMMERCE UNION BANCSHARES, INC. and RELIANT MORTGAGE VENTURES, LLC d/b/a RELIANT BANK MORTGAGE SERVICES, | ) MAGISTRATE JUDGE NEWBERN ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM**

Pending before the Court is Defendants' Motion for Summary Judgment. (Doc. No. 124). Plaintiff filed a response to the motion (Doc. No. 129) and Defendants filed a reply (Doc. No. 137). With leave of Court, Plaintiff filed a sur-reply. (Doc. No. 143). Defendants filed a statement of material facts (Doc. No. 127) to which Plaintiff responded (Doc. No. 130); and Plaintiff filed a statement of additional facts (Doc. No. 131) to which Defendants responded (Doc. No. 138). For the reasons stated below, Defendants' Motion for Summary Judgment (Doc. No. 124) is **GRANTED in part**, **DENIED in part**.

### I.    FACTUAL BACKGROUND[1]

Plaintiff First Fidelity Capital Markets, Inc. ("First Fidelity") is a boutique advisory firm that helps companies fix residential mortgage lending operations and increase profitability. (Doc. No. 64 at 1.)  In November 2014, First Fidelity engaged in discussions with Defendant Reliant

---

[1] The Court provided a more complete background of the case in its July 9, 2019, Memorandum on Plaintiff's Motion for Summary Judgment. (Doc. No. 122).

1

Mortgage Ventures, LLC d/b/a Reliant Bank Mortgage Services ("Reliant") regarding forming a business relationship.[2] (Doc. No. 73 at ¶ 1.) The parties discussed, but never agreed to a consulting agreement that set First Fidelity's compensation at 40 basis points on the amount of loans funded by the mortgage bankers proposed by First Fidelity and hired by Reliant. (*Id*., ¶ 4; Doc. No. 78, ¶¶ 4-6). More than six-weeks after negotiations over the consulting agreement ceased, the parties began discussions centered around two mortgage bankers: Kyle Zotter and Mark Considine. In connection with the renewed discussions, First Fidelity and Reliant entered into a Reciprocal Confidentiality and Non-disclosure Agreement (the "NDA"). (Doc. No. 66-3).

The NDA includes a "non-circumvention clause," which states:

> The Parties agree that no effort shall be made to circumvent this Agreement including, in violation of this Agreement, any current or proposed relationships with any First Fidelity Clients or third parties which are formally provided to Reliant Bank Mortgage Services as potential employment candidates by First Fidelity, as part of this agreement.

First Fidelity introduced Zotter and Considine as potential employment candidates and provided Reliant with their resumes and information about their mortgage origination business. (Doc. 73 at ¶ 11; Doc. No. 80-1 at 3; Doc. No. 80-2 at 1). Reliant later hired Zotter and Considine. (Doc. No. 75-1, ¶¶ 23-24). First Fidelity filed this case bringing claims for breach of contract, breach of the covenant of good faith and fair dealing, and quantum meruit/unjust enrichment. (Doc. No. 1).[3]

---

[2] At the time, the parties were discussing a different potential hire than those who are the subject of the current dispute.

[3] On October 23, 2019, the Court granted Plaintiff's motion to amend the Complaint to add a fraud claim. (Doc. No. 144; Amended Complaint, Doc. No. 145). The fraud claim was added after the current motion for summary judgment and is a subject of the motion. The revised case management order allows the parties to file supplemental motion for summary judgment—addressing only the fraud claim—by February 14, 2020. (Doc. No. 148).

On July 9, 2019, the Court denied Plaintiff's motion for summary judgment finding questions of fact regarding whether Defendants breached the NDA by hiring Zotter and Considine. (*see* Doc. No. 122). Defendants filed the current motion seeking summary judgment on all claims.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers* 344 F.3d at 595.

## III.   ANALYSIS

### A.  Choice of Law

When the Court considered Plaintiff's motion for summary judgment, it applied Florida law to the breach of contract claim. (*See* Memorandum, Doc. No. 122). At the time, the parties agreed that the choice of law provision in the NDA required the application of Florida law to the breach of contract claim. (See Pl. Mem., Doc. No. 64 at 2, 6; Def. Resp., Doc. No. 72 at 7). Despite having previously agreed that the choice of law provision was valid, Defendants now assert that Florida law does not apply to the NDL and the Court should apply Tennessee law instead.[4] (Def. Mem., Doc. No. 126 at 7).

In a diversity action, state law governs the parties' claims. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). "Choice-of-law analysis in a diversity action is governed by the law of the state where the federal court sits." *In re Air Crash Disaster*, 86 F.3d 498, 540-41 (6th Cir. 1996) (*citing Klaxton Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Here, the forum state is Tennessee. Therefore, Tennessee's choice-of-law rules will determine which state's law applies to the breach of contract claim. Tennessee law follows the rule of *lex loci contractus*, which provides that a contract is presumed to be governed by the law of the jurisdiction in which it was executed, absent a contrary intent. *Williams v. Smith*, 465 S.W.3d 150, 153 (Tenn. Ct. App. 2014); *Ohio Cas. Ins. Co. v. Travelers Indem. Co.*, 493 S.W.2d 465, 467 (Tenn. 1973). If the parties manifest an intent to instead be governed by the law of a different jurisdiction, Tennessee courts will honor that choice so long as the choice of law provision is executed in good faith and the jurisdiction whose law is chosen bears a material connection to the transaction. *Vantage Tech., LLC v. Cross*,

---

[4] Defendants claim they had no reason to contest Plaintiff's position that Florida law applies to the NDL because the application of Florida law would not have changed the Court's analysis. (Def. Mem., Doc. No. 126 at 7).

4

17 S.W.3d 637, 650 (Tenn. Ct. App. 1999). In addition, the basis for the choice of another jurisdiction's law must be reasonable and not merely a sham or subterfuge, and must not be contrary to a fundamental policy of a state having a materially greater interest and whose law would otherwise govern. *Id*.

The NDA contains a choice of law provision: stating: "[t]his Agreement shall be governed by the internal laws of the State of Florida." (*See* NDA, Doc. No. 66-3, Section 5). Defendant argues that Florida bears no material relationship to the transaction at issue because Plaintiff is a New Jersey corporation with a principal place of business in New Jersey and Defendants are Tennessee corporations with principal places of business in Tennessee. (Def. Mem., Doc. No. 126 at 8). Plaintiff asserts that at all times related to the current dispute, it was headquartered in Florida, and although it is now headquartered in New Jersey, it did not move its headquarters to New Jersey until after the death of its former owner in 2016. (Third Decl. of Adam Jacobs, Doc. No. 133). This is a sufficient material connection to the state of Florida for the Court to apply the choice of law provision in the NDA. Defendants do not assert any other reason that the Court should not apply Florida law as provided in the NDA—e.g., they do not claim the agreement was not entered into in good faith or that application of Florida law is contrary to the public policy of Tennessee. On these facts, the Court finds that the parties entered into the agreement in good faith, there is no evidence of "sham or subterfuge," Florida bears a material connection to the agreement, and application of Florida law is not contrary to the public policy of Tennessee. Accordingly, the Court concludes the choice-of-law provision in the NDA is enforceable and Florida law applies to the agreement.

**B. Breach of Contract**

Defendants' motion for summary judgment on the breach of contract claim is premised entirely on Plaintiff's alleged inability to prove damages. Defendants' argument that Plaintiff cannot prove damages can best be summarized as follows: (1) Plaintiff's only theory of damages is that it is entitled to a 40 basis point commission "pursuant to the parties' contractual agreement;" (2) the NSA does not provide for a 40bps commission and Plaintiff has no evidence to support this theory; and (3) because Plaintiff cannot prove its only claimed basis for damages, its breach of contract claim and all other related claims must fail.[5] Plaintiff argues that it has submitted sufficient evidence on the issues of damages to raise a question of fact for the jury. The Court agrees.

Florida law allows the injured party to seek lost profits as damages to protect its "expectation interest." *Beefy Trail, Inc. v. Beefy King Int'l, Inc.*, 267 So. 2d 853, 856 (Fla. Dist. Ct. App. 1972). "Lost profits are allowed … if the loss was caused by the defendant's wrongful act and the profits were reasonably within the contemplation of the defaulting party at the time the contract was entered into." *Douglass Fertilizers & Chem. v. McClung Landscaping*, 459 So.2d 335, 336 (Fla. Dist. Ct. App. 1984). The rule for recovery of lost profits is "basically the same" as the rule in tort cases that a plaintiff may recover "all damages which are a natural, probable or direct consequence of the act, but do not include remote consequences." *Id*. Plaintiff has submitted evidence from which a reasonable jury could conclude that lost profits were "within the contemplation" of Defendants as a potential consequence of breach at the time they entered into

---

[5] Defendants argue that Plaintiff is bound by the damages theory in its initial disclosures, discovery responses, and 30(b)(6) deposition and cannot now supplement its damages calculations. The Court need not address this issue to resolve the current motion. The Court expresses no view as to whether Plaintiff's damages theory is as characterized by Defendants. However, even under Defendants' characterization, Plaintiff has submitted sufficient evidence to raise a question of fact for the jury.

the NDA. Given the nature of the contract at issue, Plaintiff's have submitted sufficient evidence from which a jury could conclude that Plaintiff's lost profits were a probable or direct consequence of a breach of the non-circumvention clause in the NDA. Plaintiff has also submitted evidence from which a reasonable jury could conclude that the amount of lost profits is based on a 40bps commission. Indeed, it seems that damages constitute the principle point of contention. Defendants admit that Reliant "hired Mr. Considine and Mr. Zotter without providing any compensation to Plaintiff because [] it never reached an agreement with Plaintiff on how Plaintiff would be compensated." (Doc. No. 138, ¶ 2). Defendants' argument that the parties did not actually reach an agreement on compensation underscores the question of fact regarding what was within the "contemplation of the parties."

The Court finds that Plaintiff has submitted sufficient evidence from which a reasonable just might conclude that lost profits to Plaintiff in the amount of 40bps were contemplated by Defendants when they entered into the NDS.

**C. Good Faith and Fair Dealing**

Defendants argue the claim for breach of the covenant of good faith and fair dealing is part of the breach of contract claim, not a stand-alone claim, and should be dismissed for the same reason as the breach of contract claim—alleged inability to prove damages. As stated above, Plaintiff has stated a claim for breach of contract and provided sufficient evidence for the breach of contract claim to survive the motion for summary judgment. As such, dismissal of the good faith and fair dealing claim is not warranted on those grounds. However, the Court agrees that the claim for breach of the covenant of good faith and fair dealing is not a stand-alone claim and should be considered part of the claim for breach of contract. *See Great American Opportunities, Inc. v. Cherry Bros., LLC*., No. 3:17-1022, 2019 WL 632670, at * 9 (M.D. Tenn., Feb. 14, 2019)

(construing a claim for breach of implied covenants as a breach of contract claim) (citing *Lyons v. Farmers Ins. Exch.*, 26 S.W.3d 888, 894 (Tenn. Ct. App. 2000)).

**D. Quantum Meruit / Unjust Enrichment**

Defendant argues that Plaintiff's quantum meruit/unjust enrichment claim fails because (1) there is an existing, enforceable contract covering the same subject matter; and (2) Plaintiff did not specifically state that the claims were "in the alternative" to the breach of contract claim.

The second aspect of Defendants' argument is entirely without basis. Plaintiff can plead quantum meruit and unjust enrichment in the alternative to the breach of contract claim and no magic words are required to make the alternative claim viable. *See MACTEC Inc. v. Bechtel Jacobs Co., LLC*, No. 3:05-cv-340, 2007 WL 1891244, at *1 (E.D. Tenn. Jun. 28, 2007). However, the existence of an express contract precludes equitable claims such as quantum meruit and unjust enrichment. *See Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998) (unjust enrichment requires that there is no contract between the parties or a contract has become unenforceable or invalid); *Dillard Const. Inc. v. Havron Contracting Corp.*, No. E2010-00170-COA-R3-CV, 2010 WL 4746244, at *3 (Tenn. Ct. App. Nov. 23, 2010) (quantum meruit is "an equitable substitution for a contract claim").[6] It is undisputed that the parties entered into a valid, enforceable contract – the NDA. Because a valid contract exists, Plaintiff's claims for quantum meruit and unjust enrichment must be dismissed.

---

[6] Because claims for unjust enrichment or quantum meruit are sustainable only to the extent there is not valid contract, whether Plaintiff states such an equitable claim is determined by Tennessee law, not the choice of law provision in the contract. However, an application of Florida law would not change the Court's analysis. *See William Ryan Homes Fla., Inc. v. Whitney Nat'l Bank*, No. 8:12-cv-1575-T-33TGW, 2012 U.S. Dist. LEXIS 134523, at *13 (M.D. Fla. Sept. 20, 2012) ("upon a showing that an express contract exists[,] the unjust enrichment or promissory estoppel count fails").

## IV. CONCLUSION

For the reasons stated, Defendants' Motion for Summary Judgment is **GRANTED in part**, **DENIED in part**. The motion is denied as to the claim for breach of contract and granted as to the quantum meruit / unjust enrichment claim. The recently added fraud claim was not a subject of this motion and is unaffected by this ruling.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE