IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FIRST FIDELITY CAPITAL MARKETS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 3:17-cv-01080 ) ) JUDGE CAMPBELL |
| RELIANT BANK, COMMERCE UNION BANCSHARES, INC. and RELIANT MORTGAGE VENTURES, LLC d/b/a RELIANT BANK MORTGAGE SERVICES, | ) ) MAGISTRATE JUDGE NEWBERN ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM

Pending before the Court is Defendants' Motion for Summary Judgment on Plaintiff's Fraud Claim. (Doc. No. 158). Plaintiff filed a response to the motion (Doc. No. 165) and Defendants filed a reply (Doc. No. 173). Defendants filed a statement of material facts (Doc. No. 160) to which Plaintiff responded (Doc. No. 166). For the reasons stated below, Defendants' Motion is **DENIED**.

### I. BACKGROUND[1]

The facts in this case are recounted in the Court's Orders on two earlier filed motions for summary judgment (Doc. Nos. 122, 123, 156, 157) and will be discussed here only briefly. The dispute in this case revolves around a Reciprocal Confidentiality and Non-disclosure Agreement (the "NDA") entered into between the parties. The NDA includes a "non-circumvention clause"

---

[1] The Court provided a more complete background of the case in its July 9, 2019, Memorandum on Plaintiff's Motion for Summary Judgment (Doc. No. 122) and the January 31, 2020, Memorandum on Defendant's Motion for Summary Judgment (Doc. No. 156).

1

which Plaintiff's assert was breached when Defendants directly hired two employment candidates, Kyle Zotter and Mark Considine, that had been proposed by Plaintiff. Defendant contends Plaintiff committed the first material breach of the NDA when it discussed the Zotter and Considine with one of Defendants' employees, thereby violating the confidentiality provision of the NDA.

After discovery closed, the Court granted Plaintiff's motion to amend the Complaint to assert a fraud claim. (Doc. No. 144). In the First Amended Complaint, Plaintiffs allege that Roger Williams, President of Defendant Reliant Bank Mortgage Services, had no intent to abide by the terms of the agreement at the time if its signing. (Am. Compl., Doc. No. 145, ¶¶ 40-43). Defendants moved for summary judgment on the fraud claim on the grounds that Plaintiff has no evidence to support the intent element of the fraud claim. (Doc. No. 159).

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence,

2

judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers* 344 F.3d at 595.

### III. ANALYSIS

Plaintiff's fraud claim, which alleges Defendant entered into the agreement with no present intent to perform, is a claim for fraudulent inducement, also known as promissory fraud. *See Bongard v. Winter*, 516 So.2d 27 (Fla. 3d DCA 1987) ("[A] present misrepresentation concerning a future intent may form the basis for actionable fraud where the party making the misrepresentation is aware at the time that it is in fact false."); *Shahrdar v. Global Hous., Inc.*, 983 S.W.2d 230, 237 (Tenn. Ct. App. 1998) (claim based on promissory fraud must "embody a promise of future action without the present intent to carry out the promise.").[2]

Defendants argue Plaintiff has no evidence that Roger Williams, President of Reliant Bank Mortgage Services, had no intent to abide by the terms of the contract when he signed because (1) Williams's testimony and that of others supports his claim that he did not decide to hire the candidates directly until after Plaintiff's alleged first breach of the agreement; and (2) at the time he entered into the agreement, Williams had not received enough information about Zotter and

---

[2] The parties disagree on whether the law of Tennessee or Florida applied to the fraud claim. As the elements of fraud under the law of either state are substantially the same, the Court need not decide this issue.

Considine to determine that he wanted to hire them and, therefore, could not have formed the intent to hire them at all, let alone the intent to hire them in circumvention of the agreement.[3]

Defendants argue that Williams's consistent testimony that he did not intend to hire Zotter and Considine directly until after Plaintiff materially breached the NDA is dispositive. Plaintiff, however, offers a host of circumstantial evidence of intent that they contend it more than sufficient to present a question of fact for the jury. Notably, Plaintiff's evidence of intent is largely an attack on Williams's credibility – a quintessential jury question. Plaintiff provides numerous examples of evidence to undermine Williams's credibility, including Williams's testimony that he never contemplated using Plaintiff to recruit loan originators (Williams Dep., Doc. No. 107-1, at 84) and that there was "no way in hell" he would pay 40 basis points as a fee (*id*., at 107-08).[4]

Plaintiff also provides evidence from which to infer that the alleged first material breach, which occurred within days of the signing of the Agreement, was orchestrated by Williams himself. The allegations of material breach are based on Plaintiff allegedly telling Reliant's Group Manager Sam Preis that Reliant was considering hiring Zotter and Considine, when Preis was not supposed to know this information. (Doc. No. 159 at 4-5). Preis, however, testified that he learned about Zotter and Considine from Williams, who told him they would be calling and to "say good stuff" about Reliant. (Preis Dep., Doc. No. 106-1 at 150). Later, when Preis told Williams that Zotter and Considine had called, Williams cried "breach" and has consistently maintained that position. Plaintiff argues that the timing of the alleged breach, mere days after signing the agreement, and the evidence showing that Williams set the course of events in action and had no

---

[3] The Court rejects Defendants' contention that the deposition testimony of Plaintiff's 30(b)(6) representative that Williams's intentions are "unknowable to anyone, save Roger Williams" is an admission that Plaintiff has no evidence to support the intent element of the fraud claim.

[4] The 40 basis point fee was not part of the NDA.

4

basis to claim breach, is evidence that he never intended to abide by the agreement and that his statements to the contrary are not credible.

The Court agrees that Defendant's argument that Williams did not have enough information about the candidates to have decided to hire them when he signed the agreement has logical appeal. The argument rests on the assumption that the purpose of the NDA was to allow the parties to exchange additional information about the proposed candidates so that Defendant could make a decision about hiring them. Plaintiff has shown, however, that Defendant had information about the candidates before he signed the NDA. What information he had and whether it was sufficient basis to make a hiring decision presents a question of fact. First, there is a question about the date Williams signed the NDA – January 23 or 25 – and what information he had prior to signing the agreement. (*See* Williams Dep., Ex. 20, Doc. No. 6 (January 23, 2015 email with attached signed agreement dated January 25, 2015). On January 23, 2015, Plaintiff provided some information about the candidates, such as where they sold their jumbo loans. (Bennett Dep., Doc. No. 95-1 at 97-98). The following day, on January 24, 2015, Plaintiff provided considerable additional information. (*See* Williams Dep., Ex. 22, Doc. No. 172-7 (email providing resumes, work history, fees, loan volume, etc.). In addition, Plaintiff provided evidence that Defendants' corporate structure and financial incentives created could have motivated Williams to hire the candidates before they were fully vetted.

The Court finds that Defendants failed to demonstrate there is no dispute of material fact on Williams's intent when he entered into the NDA. Given the myriad disputes of fact and challenges to witness credibility and making all reasonable inferences in favor of Plaintiff, the Court cannot conclude that no reasonable juror could find that at the time Williams entered into

5

the NDA, he had already determined to hire the candidates directly. Accordingly, Defendants' Motion for Summary Judgment on the fraud claim must be denied.

## IV. CONCLUSION

For the reasons stated, Defendants' Motion for Summary Judgment **DENIED**. An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE