IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FIRST FIDELITY CAPITAL MARKETS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 3:17-cv-01080 ) ) |
| RELIANT BANK, COMMERCE UNION BANCSHARES, INC. and RELIANT MORTGAGE VENTURES, LLC d/b/a RELIANT BANK MORTGAGE SERVICES, | ) JUDGE CAMPBELL ) ) MAGISTRATE JUDGE NEWBERN ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM**

Pending before the Court is Plaintiff's Rule 59(e) Motion for Prejudgment Interest. (Doc. No. 228). Defendants filed a response (Doc. No. 239), and Plaintiff filed a reply (Doc. No. 240).

After trial by jury, the jury returned a verdict on March 31, 2021, in favor of Plaintiff on the claims for breach of contract and violation of the implied covenant of good faith and fair dealing and awarded Plaintiff damages in the amount of $600,000. (*See* Doc. No. 224). The Court entered Judgment in favor of Plaintiff reflecting the jury verdict. (Doc. No. 227).

Through the Motion, Plaintiff requests the Court amend the judgment to award Plaintiff prejudgment interest of $177,777.59 on the judgment amount of $600,000. (Doc. No. 229). Plaintiff acknowledges, however, that the amount of prejudgment interest, which is calculated based on when "damages were due," could be less than this amount depending on the Court's determination of when damages were due on the claims for which the jury awarded damages – breach of contract and violation of the implied covenant of good faith and fair dealing.

1

Defendants object to the award of prejudgment interest. They argue that there is no error of law justifying an amended judgment under Federal Rule of Civil Procedure 59(e) because "no 'fixed date of loss' is ascertainable from the NDA or any other evidence presented in this case." (Doc. No. 239 at 1). Defendants argue that if the Court awards prejudgment interest, such interest should be calculated from the date of pre-suit demand, which it identifies as May 25, 2017.

"[A] post judgment motion for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e)." *EPAC Tech., Inc. v. HarperCollins Christian Pub., Inc.*, Case No. 3:12-cv-00463, 2021 WL 1213161, at *1 (M.D. Tenn. Mar. 31, 2021) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989)); *see also Pogor v. Makita U.S.A., Inc.*, 135 F.3d 384, (6th Cir. 1998) (noting that Rule 59(e) applies to motions for discretionary or mandatory prejudgment interest).

The parties agree that Florida law applies to the contract at issue in this case. "In Florida, prejudgment interest is an element of compensatory damages and, 'when a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss." *Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 571 (11th Cir. 1991) (citing *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 122, 215 (Fla. 1985)); *see also Chavez v. Mercantil Comm. Bank, N.A.*, 601 F. App'x 814, 816 (11th Cir. 2015). "A verdict is said to have the effect of liquidating damages as long as the verdict establishes the loss and 'the pertinent date can be ascertained from the evidence.'" *Arizona Chem. Co., LLC v. Mohawk Indus., Inc.*, 197 So. 3d 99, 102-103 (Fla. Dist. Ct. App. 2016)). The date of loss is "the date of the pecuniary loss for which the plaintiff is being compensated," which, depending on the circumstances, may or may not be the date of the breach of contract. *Id*. If the date of pecuniary loss "cannot be ascertained with precision, the court should select … the earliest

date by which the evidence shows the loss must have been sustained." *Id*. at 106. (citing *Berloni S.p.A. v. Della Casa, LLC*, 972 So. 2d 1007, 1012 (Fla. Dist. Ct. App. 2008)).

Defendants argue that Plaintiff is not entitled to prejudgment interest because neither the contract nor the jury identified a fixed date of pecuniary loss from which to calculate prejudgment interest and "the pertinent date" cannot be ascertained from evidence presented at trial. Defendants contend that the jury award reflect the jury's determination of an amount that made Plaintiff "whole," and, therefore, already accounted for prejudgment interest. In the alternative, Defendants argue that, if prejudgment interest is to be awarded, because the contract does not establish a date for payment, prejudgment interest should be calculated from "the date of the pre-suit demand or the date the complaint was filed," whichever was earlier. (Doc. No. 239 at 7 (citing *Int'l Speedway Corp. v. Racing In-Sites, Ltd.*, No. 6:13-cv-15-ORL-36GJK, 2014 WL 2894504, at * 9 (M.D. Fla. June 26, 2014), and *Berloni S.p.A. v. Della Casa, LLC*, 927 So. 2d 1007, 1012 (Fla. Dist. Ct. App. 2008)).

Defendants' argument that the jury award made Plaintiff whole does not find support in Florida law. As stated above, under Florida law, a plaintiff is entitled to prejudgment interest on a pecuniary loss so long as the jury "verdict establishes the loss and 'the pertinent date can be ascertained from the evidence.'" *Arizona Chem.*, 197 So. 2d at 102-103.

Defendants argue that prejudgment interest should be calculated from the date of pre-suit demand because the contract does not establish a date for payment. However, the cases Defendants cite in support of this argument do not require the court to calculate prejudgment interest from the date of pre-suit demand when an earlier date can be ascertained from the evidence. *See Arizona Chem.*, 197 So. 3d at 106 (directing the court to calculate prejudgment interest from "the earliest date by which the evidence shows the loss must have been sustained").

3

In *International Speedway*, the court stated that prejudgment interest from the date of filing the complaint or the date of pre-suit demand "if a party does not establish a due date for the payments at issue." *Int'l Speedway*, 2014 WL 2894504, at * 9. The Court awarded prejudgment interest on a portion of the claim from the date of the filing of the complaint even though the prevailing party had not requested prejudgment interest on that portion of the claim and there was no evidence of when the payment became due and no evidence of a pre-suit demand for payment. *Id.*

In *Berloni*, the court calculated prejudgment interest from the date of the filing the complaint when the payment due date was disputed, the court could not determine the date of loss, and the prevailing party conceded that prejudgment interest accrued, at the very latest, from the date of filing the complaint. *Berloni*, 972 So. 2d at 1012.

Here, there is evidence from which to determine the date of pecuniary loss was earlier than the date of pre-suit demand. The Court agrees with Defendants that, given Plaintiff's damages theory that it was entitled to compensation based on Considine and Zotter's loan production, the date of breach (hiring Considine and Zotter) was not the date of pecuniary loss.

Plaintiffs suggest two alternative dates of pecuniary loss based on the theory that the pecuniary loss arose from Considine and Zotter's loan production. Plaintiff contends that if commissions were paid regularly, assigning the date of pecuniary loss as the midpoint of Considine and Zotter's employment at Reliant Bank – September 30, 2015 – is accurate. In the alternative, Plaintiff argues commission payments would have been due no later than Considine and Zotter's last date of employment – March 31, 2016.

The Court declines to adopt the proposed mid-point date because it assumes Considine and Zotter were equally productive throughout their employment, which seems unlikely. It is more

likely that their production varied from month to month. However, the evidence presented at trial establishes a date of pecuniary loss no later than Considine and Zotter's last day of employment at Reliant Bank – March 31, 2016. Accordingly, prejudgment interest should be awarded from that date.

Florida courts have recognized an equitable exception to the general prejudgment interest rule that prejudgment interested is awarded from the date of pecuniary loss. *See Arizona Chem.*, 197 So. 3d at 105 ("[C]ourts sometimes calculate prejudgment interest from a date later than the date of the plaintiff's actual loss, where unique facts and 'considerations of fairness' militate against calculating prejudgment interest from the date of actual loss."). Defendants have not clearly articulated grounds for an equitable adjustment to the date from which prejudgment interest will be calculated. To the extent their arguments raise equitable considerations, having considered the circumstances of this case, the Court is not persuaded that the equities warrant calculating prejudgment interest from a later date.

Plaintiff requests calculate interest at the statutory interest rate of 4.81%. (Doc. No 229 at 2). Defendants consent to this interest rate. A start date of March 31, 2016, an end date of March 31, 2021, and a 4.81% statutory interest rate yields prejudgment interest of $144,379.07.

The Judgment will be amended to reflect an award of prejudgment interest in that amount.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE